# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1956

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Marco Antonio Castillo-Ramirez, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: June 7, 2007
Filed: June 13, 2007

_____

Before RILEY, MAGILL, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Marco Castillo-Ramirez appeals the 87-month sentence the district court[1] imposed upon his guilty plea to conspiring to distribute and possess with intent to distribute at least 500 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1) and 846. Castillo-Ramirez's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), questioning the reasonableness of the sentence, which was at the low end of the advisory Sentencing Guidelines range.

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

We conclude the sentence is not unreasonable. In determining the sentence, the district court considered Castillo-Ramirez's Guidelines imprisonment range, along with other 18 U.S.C. § 3553(a) factors. See United States v. Booker, 543 U.S. 220, 261 (2005) (§ 3553(a) factors will guide reasonableness review). Moreover, nothing in the record suggests the district court failed to consider a relevant factor that should have received significant weight, gave significant weight to an improper or irrelevant factor, or considered only appropriate factors but in weighing those factors committed a plain error of judgment. See United States v. Haack, 403 F.3d 997, 1003-04 (8th Cir. 2005) (reasonableness of sentence reviewed for abuse of discretion; defining ways in which abuse of discretion may occur).

Having reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____